**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Scott Christopher Goodman : | CHAPTER 13 |
| xxx-xx-7574 : | |
| 1105 Wedgewood Road : | CASE NO. 21-10737-ELF |
| Flourtown PA 19031 : | |
| : | |
| Debtor : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S OBJECTION**
**TO ALLOWANCE OF THE CLAIM OF THE CITY OF PHILADELPHIA**

**STATEMENT OF FACTS**

The debtor, Scott Christopher Goodman, has objected to allowance of the proof of claim filed by the City of Philadelphia on August 26, 2021 (claim no. 8). Per the Order of your Honorable Court the parties, through counsel, did arrive at a limited number of stipulated facts which were filed of record with the Court on November 8, 2021 (document no. 61 on the case docket).

The Debtor filed this case under Chapter 13 on March 24, 2021. The instant matter is a core proceeding and the debtor and the City of Philadelphia have agreed that your Honorable Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

The parties have further stipulated that the claim of the City includes a priority claim of $2,282.26 for a use and occupancy tax for the tax periods of August 31, 2025, February 28, 2017, March 31, 2017, February 28, 2019, December 31, 2019, April 30, 2020, May 31, 2020, and June 30, 2020 as well as unliquidated claims for other taxes. Those claims are all

disputed by the debtor.

On or about September 10, 2007 the debtor and his brother, Brian Goodman, did purchase the property at 5925 Woodland Avenue in the city of Philadelphia. The property is a commercial property, and that was where the Goodman brothers did operate a business, "Brothers' Fine Furniture". The taxes at issue relate to that property and business. To the best of both debtor's and the City's knowledge, Brian Goodman still operates that business at 5925 Woodland Avenue.

On or about June 5, 2013, the Goodman brothers did execute an agreement to transfer the debtor's interest in both the realty and the business to his brother, Brian Goodman, in return for a total of $200,000.00 to be paid in multiple payments. Under the agreement legal title in the realty was not to transfer from the debtor and his brother, jointly, to the brother solely, until after the payments were completed. Said payments were completed in June of 2018. However Brian Goodman did not prepare a deed to transfer the property or otherwise proceed to transfer the property solely into his name.

Although not stipulated to, it is a matter of record for your Honorable Court that on July 6, 2021 Brian Goodman did, through counsel, file a motion for relief from the automatic stay to permit the transfer of title to the realty in question from Brian Goodman and his brother to Brian Goodman alone. That motion contained, among other documents, a copy of the agreement between

the parties transferring both the realty and the business. Said motion was granted by your Honorable Court on July 29, 2021.

The City did file it's proof of claim on August 26, 2021.

**LEGAL ARGUMENT**

The Debtor is not liable for use and occupancy tax or any other tax of the City of Philadelphia for the years claimed as he was not a resident of the City nor did he work in the City, per the terms of the Philadelphia Code, the general ordinances of the City of Philadelphia.

Philadelphia Code §19-1501(1) states in relevant part:

(a) Residents. An annual tax on salaries, wages, commissions and other compensation earned by residents of Philadelphia is imposed for general revenue purposes...

(b) Non-Residents. An annual tax on salaries, wages, commissions and other compensation earned by non-residents of Philadelphia for work done or services performed or rendered in Philadelphia is imposed for general revenue purposes...

Philadelphia Code §19-1501(2) states in relevant part:

(a) Residents. An annual tax on the net profits earned in businesses, professions or other activities conducted by residents of Philadelphia is imposed for general revenue purposes for the following periods at the following rates:...

(b) Non-Residents. An annual tax on the net profits earned in businesses, professions or other activities conducted in Philadelphia by non-residents is imposed for general revenue purposes for the following periods at the following rates:

The Debtor is a resident of Montgomery County. There has been no claim raised to date that the debtor resided in the city or worked in the city at any time relevant to the present

objection. Thus the city has no grounds to tax the debtor personally. Further, since the debtor sold his interest in Brothers Fine Furniture to his brother in 2013, the debtor ran no business in the city at any time relevant to the City's claim. Thus, the City of Philadelphia has no right to tax the debtor for the periods relevant to their claim, and thus no right to file said claim against the debtor.

Moreover, the Philadelphia Use and Occupancy ("U&O") tax (The only liquidated claim part of the City's claim) is imposed pursuant to City Code §19-1806 et seq. §19-1806(5) states in relevant part:

(a) Each owner of real estate used or occupied solely by such owner, which use or occupancy is subject to the tax under this Section, shall make a return and pay the total tax due to the Commissioner...

(b) Each landlord or other person authorized to collect rentals on premises, the use or occupancy of which is subject to tax under this Section, shall collect as agent for the School District of Philadelphia...

As previously stated, the debtor did not use the relevant realty: a company he had sold to his brother in 2013 used the property during all of the relevant periods. Further, the debtor is not a "landlord", he had no actual control over the property, having sold it to his brother in 2013 and having retained only bare legal title to the property in question. Further, since Brian Goodman owned both the Brothers Fine Furniture, the business acknowledged by both the debtor and the City to be still operating there, and also sole equitable title to the realty,

Brian Goodman was both the occupying owner and the "landlord", albeit landlord for his own business. As such only Brian Goodman had a duty to pay such taxes and/or collect those taxes from a corporate entity that he alone had ownership of. In any case Scott Goodman had no obligation to the city to pay taxes or file tax returns.

WHEREFORE, Scott Goodman, the debtor in the present case, respectfully prays your Honorable Court grant his objection to the proof of claim of the City of Philadelphia and disallow said claim in toto.

Respectfully submitted,

/s/ Michael W. Gallagher
Michael W. Gallagher, Esquire
600 West Germantown Pike
Suite 400
Plymouth Meeting PA 19462
(484)679-1488
(610)365-7919 Fax
Attorney for Debtor